IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**BRIAN DONAN,**

              Petitioner,

**v.**
                                        **Civil Action No.:5:20-cv-240**
                                        Judge Bailey

**WARDEN ADAMS,**

              Respondent.

## REPORT AND RECOMMENDATION

## I.   INTRODUCTION

On November 9, 2020, Brian Donan, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] (the "Petition"). The petitioner is a federal inmate housed at FCI Hazelton and is challenging the validity of his sentence[1] from the Northern District of Ohio. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons set forth below, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

## II.   BACKGROUND[2]

---

[1] Although the petitioner indicates that he is challenging a sentence, he is actually attacking the validity of his conviction for being a convicted felon in possession of a firearm.

[2] Unless otherwise noted, the information in this section is taken from the Petitioner's criminal docket available on PACER and all ECF numbers are from that case.  See *United States v. Donan*, 1:17-cr-00291-PAG (NDO).  *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court

On July 26, 2017, the petitioner was indicted by  a federal Grand Jury in a two-count indictment. [Doc. 1]. On November 14, 2017, the petitioner pleaded guilty pursuant to a plea agreement to Count 1, Maintaining a Drug Involved Premises in violation 21 U.S.C. §§ 856(a)(1), and Count Two, Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. § 922(g). [Doc. 11].   The petitioner's guideline range was 92 to 115 months. On February 22, 2018, the petitioner was sentenced to 96 months imprisonment. [Doc. 23].

 The petitioner did not appeal.  However, on February 25, 2019, he filed a Motion to Vacate Under Section 2255. [Doc. 20]. The petitioner asserted three grounds for relief, all alleging ineffective assistance of counsel. Ground One alleged that counsel was ineffective during the plea process. Ground Two alleged that counsel failed to investigate the case and obtain discovery. Ground Three alleged that counsel was ineffective at sentencing. On May 23, 2019, the district court denied the § 2255 Motion and declined to issue a certificate of appealability. [Doc. 29]. The petitioner did not appeal from this denial.

On July 22, 2019, the petitioner filed a Motion to Appoint Counsel in light of *Rehaif v. United States*. [Doc. 31]. The motion was denied on August 5, 2019, in part because the petitioner had not sought permission to file a second § 2255 motion.

### III. <u>STANDARD OF REVIEW</u>

#### A.  Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit records.'").

findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

### IV.   CLAIMS OF THE PETITION

The petitioner requests that this Court resentence him. In support of his request, the petitioner relies on the recent decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). More specifically, the petitioner argues that *Rehaif* has been made retroactive as it relates to his case.[3]   In addition, he alleges that although he pleaded guilty to the

---

[3] The petitioner cites no authority for this allegation, and the undersigned is unaware of

922(g) charge, no gun was found on his person at the time of his arrest.  He then alleges that in the absence of the 922(g)(1) conviction, his § 856(a)(1) conviction cannot stand.[4]

## V.    APPLICABLE LAW

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his or her detention. However, the two sections are not interchangeable. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2000); *In re Vial*. 115 F.3d I192, 1194 (4th Cir. 1997).

Under § 2255, a prisoner may move the sentencing court "to vacate, set aside or correct" his sentence if he claims it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Second or successive petitions pursuant to § 2255 must be certified by the appropriate court of appeals. *Id.* § 2255(h).

---

any. In fact, the Sixth Circuit has held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a "new rule of constitutional law." *Khamisi-El v United States*, 800 Fed. Appx. 344, 349 (6th Cir. 2020). Courts throughout the Sixth Circuit have recognized that *Rehaif* does not apply retroactively to cases on collateral review. *See United States v. Conley*, 5:10-CR-00490, 2020 WL 2933560 N.D. OH, June 3, 2020) (collecting cases).

[4] The undersigned notes that possession of a gun has nothing to do with the petitioner's conviction under 21 U.S.C. § 841(a)(1), which provide as follows:
    (a) Unlawful Acts
       Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
          (1) To manufacture, distribute, or dispense, or possess with intent to distribute or dispense, a controlled substance

Courts of appeals grant such requests only if newly discovered evidence establishes "by clear and convincing evidence that no reasonable factfinder would have found the movant guilty" or that a previously unavailable "new rule of constitutional law' has been "made retroactive to cases on collateral review by the Supreme Court." *Id.*

A petition for writ of habeas corpus pursuant to § 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, in limited circumstances, when a § 2255 is an "inadequate or ineffective remedy," § 2255's savings clause permits petitioners to bring a collateral attack pursuant to 28 U.S.C. § 2241. *In re Vial*, 115 F.3d at 1194, n.5; *In re Jones*, 226 F.328, 333 (4th Cir. 2000.) However, "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision," including because of a procedural bar. Id.

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[5] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the §

---

[5]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>.  *See United States v. Wheeler*, 886 F.3d 415, 428 (4th Cir. 2018); *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Wheeler*, 886 F.3d at 429.   The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in *Wheeler*.  *Id.*

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the *Jones* test (if challenging the legality of his conviction) or the *Wheeler* test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  *See Wheeler*, 886 F.3d at 423–26.

### VI.   ANALYSIS

The petitioner appears to argue that in the wake of  the Supreme Court's decision in *Rehaif*, he is actually innocent of his conviction under 18 U.S.C. § 922(g). Section 922 (g) provides that "it shall be unlawful for certain individuals to possess firearms. The provision lists nine categories of individuals subject to the prohibition, including felons …. A separate provision,  § 924(a)(2), adds that anyone who *knowingly* violates the first provision shall be fined or imprisoned for up to ten years." *Rehaif*, 139 S. Ct. at 2194; *see also* 18 U.S.C. § 922(g). In *Rehaif*, the Supreme Court held that the "the word knowingly applies both to the defendant's conduct and to the defendant's status. To convict the defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it."  *Rehaif*, 139 S.Ct. at 2194. Because the petitioner does not elaborate on why he believes *Rehaif* renders his conviction or sentence invalid, the undersigned can only assume that the petitioner is arguing that he was not aware of his status as a prohibited person.

As noted above, the court may not entertain the petitioner's § 2241 petition

unless he can satisfy the conditions set forth in *Jones* or *Wheeler*. *See Asar v. Travis*, No. 6:20-cv-00394, 2020 WL 1099391, at *5 (D. S.C. Feb. 10, 2020) ("AsarI") ("To trigger the savings clause of § 2255 (e) and proceed under § 2241, the petitioner must meet the savings clause test as contemplated in *United States v. Wheeler* or in *In re Jones*," adopted by 2020 WL 3843638 (D.S.C. July 8, 2020) ("*AsarII*"). "If any one of the requirements is not met, the Court is deprived of his jurisdiction and may not entertain the petition to begin with."  *Ledezma-Rodriguez v. Brecken*, No. 7:18-cv-00268, 2019 WL 4644556, at *2 (W.D. Va. Sept. 24, 2019) (quoting *Wheeler*, 886 F.3d at 425).

It is clear that the petitioner meets the first and third requirements of *Jones*. First, settled law of this circuit or the Supreme Court at the time of the petitioner's sentencing established the legality of his conviction and sentence. *See Jones*, 328 F.3d at 333-34; *see also Wheeler*, 886 F.3d at 420. The Fourth Circuit has noted that *Rehaif* abrogated prior circuit precedent. *United States v. Lockhart*, 947 F.3d 187, 196 (4th Cir. 2020) (citing *United States v. Langley*, 62 F.3d 602 (4th Cir. 1995)). Therefore, the first requirement has been met. The petitioner also satisfies the third condition, because *Rehaif* was a decision of statutory interpretation, not constitutional law. *See In re Wright*, 942 F.3d 1063, 1064-65 (11th Cir. 209) (per curiam). ("*Rehaif v. United States* did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2).") (citing *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (per curiam).

The petitioner, however, cannot satisfy the second prerequisite under *Jones*. Since *Rehaif*, several courts within the Fourth Circuit have held that *Rehaif* did not change substantive law because the conduct for which the petitioner was convicted is

still illegal. *See, e.g.*, *AsarII*, 2020 WL 3843638, at *2 ("being a felon in possession of a firearm remains a valid criminal offense"); *Erby v. Brekon*, No. 7:18-CV-00588, 2020 WL 1443154, at *7 (W.D. Va. Mar.4, 2020 (citing cases); *Hoffman v. Brekon*, No. 7:18-cv-00265, 2020 WL 929589, at *9  (W.D. Va. Feb. 26, 2020) (same); *Swindle v. Hudgins*, No. 5:19-cv-300, 2020 WL 469660, at *2 (N.D.W. Va. Jan. 29, 2020) ("Here, the crimes for which petitioner was convicted remain criminal offenses; accordingly, he cannot satisfy the second prong of *Jones*."); *Taylor v. Huggins*, No. 5:19-cv-291, 2019 WL 6481799, at *3 (N.D. W. Va. Nov. 5, 2019) ("Even if Petitioner satisfied the first and third elements of *Jones*, the crime for which he was convicted remains a criminal offense, and therefore he cannot satisfy the second element of *Jones*."), *adopted by* 2019 WL 6467823 (N.D. W. Va. Dec. 2, 2019); *Moss v. Dobbs*, No. 8:19-cv-02280, 2019 WL 7284989, at (D.S.C. Sept. 23, 2019 ("[T]he savings clause test in *Jones* requires that subsequent to a prisoner's direct appeal and first  § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal. Here, no such change occurred."), *adopted by* 2019  WL 561-6884 (D.S.C. Oct. 31, 2019).

Consequently, because the petitioner attacks the validity of his conviction and fails to establish that he meets all the *Jones* requirements, he is unable to satisfy the § 2255 savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. *Rice*, 617 F.3d at 807.

## VII.   **RECOMMENDATION**

For the foregoing reasons, the undersigned recommends that the petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

The petitioner shall have **fourteen days** from the date of service of this Report and Recommendation within which to  file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**   A copy of such objections should also be submitted to the United States District  Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to

his last known address as reflected on the docket sheet.

**DATED**:  January 28, 2021

/s/ James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE